Ford G. Scalley, Esq. (2869)
SCALLEY & READING, P.C.
50 South Main, #950
P. O. Box 11429
Salt Lake City, Utah 84147-0429
Telephone: (801) 531-7870
Facsimile: (801) 332-1514

Heinz J. Mahler, Esq. (3832)
KIPP & CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
Facsimile: (801) 359-9004

Stephen R. Stern, Esq.
HOFFINGER, STERN & ROSS, LLP
150 East 58th Street
New York, New York 10155
Telephone: (212) 421-4040
Facsimile: (212 223-3857
Attorneys for Third Party Defendant
Phoenix Laboratories, Inc.

FILED

15 JUL 03 PM 4:06

DISTRICT OF UTAH

BY:_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KAREN M. COOK and HOMER J. COOK, | THIRD- PARTY DEFENDANT |
| Plaintiffs, | PHOENIX LABORATORIES, INC.'S |
| | ANSWER TO THIRD- PARTY |
| v. | COMPLAINT |
| MELALEUCA, INC. and JOHN and JANE DOES, | Civil No. 1:02CV-36G |
| | Judge Thomas J. Greene |
| Defendants, | |
| MELALEUCA, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| PHOENIX LABORATORIES, INC. and JOHN and JANE DOES 1-15, | |
| Third-Party Defendants. | |



Third-Party Defendant Phoenix Laboratories, Inc., hereinafter referred to as "Phoenix," hereby answers, admits, denies and responds to the Third-Party Complaint ("Complaint") of Defendant/Third-Party Plaintiff Melaleuca, Inc. ("Melaleuca") as follows:

## FIRST DEFENSE
### (Answering Numbered Allegations)

### Factual Background and Jurisdiction

1. Phoenix denies the allegations in paragraph 1 of the Complaint based on lack of sufficient knowledge or information for form a belief as to the truth or falsity of said allegations.

2. In answer to paragraph 2 of the Complaint, Phoenix admits its principal place of business is in Hicksville, New York, and denies all remaining allegations based on lack of sufficient knowledge or information to form a belief as to the truth or falsity of said allegations.

3. Phoenix denies the allegations in paragraph 3 of the Complaint based on lack of sufficient knowledge or information to form a belief as to the truth or falsity of said allegations.

4. Phoenix denies the allegations in paragraph 4 of the Complaint based on lack of sufficient knowledge or information to form a belief as to the truth or falsity of said allegations.

5. Phoenix lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint concerning Melaleuca's liability to Plaintiff Cook, and therefore denies these allegations, and denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Phoenix denies the allegations in paragraph 6 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of fact and law.

7. Phoenix denies the allegations in paragraph 7 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of fact and law.

8. Phoenix denies the allegations in paragraph 8 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.

9. Phoenix denies the allegations contained in paragraph 9 of the Complaint.

10. Phoenix denies the allegations in paragraph 10 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of said allegations.

11. Phoenix denies the allegations in paragraph 11 of the Complaint for lack of sufficient knowledge or information sufficient to form a belief as to the truth or falsity of said allegations.

### (Answering First Cause of Action for Apportionment)

12. In answer to paragraph 12 of the Complaint, Phoenix realleges and incorporates its answers to paragraphs 1 through 11 of the Complaint.

13. In answer to paragraph 13 of the Complaint, Phoenix denies the allegations as to Melaleuca's liability to Plaintiffs Cook for lack of sufficient knowledge and information as to the truth or falsity of said allegations and denies all remaining allegations.

### (Answering Second Cause of Action for Indemnity)

14. In answer to paragraph 14 of the Complaint, Phoenix realleges and incorporates its answers to paragraphs 1 through 13 of the Complaint.

15. Phoenix denies the allegations in paragraph 15 of the Complaint based on lack of sufficient knowledge and information as to the truth or falsity of the allegations, except that

Phoenix admits it is a manufacturer of vitamins and dietary supplements.

16. Phoenix denies the allegations in paragraph 16 of the Complaint for lack of sufficient knowledge or information as to the truth or falsity of said allegations, except that Phoenix admits it is a manufacturer of vitamins and dietary supplements.

17. Phoenix denies the allegation in paragraph 17 of the Complaint based on lack of sufficient knowledge or information to form a belief as to the truth or falsity of said allegations.

18. Phoenix denies the allegations contained in paragraph 18 of the Complaint.

19. Phoenix denies the allegations contained in paragraph 19 of the Complaint.

20. Phoenix denies the allegations contained in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

21. Melaleuca's causes of action are barred in whole or in part by the applicable Statutes of Limitations, including but not limited to the two year statute of limitations in Utah Code Ann. § 78-15-3.

### Second Affirmative Defense

22. Melaleuca's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

23. Melaleuca's Complaint is defective in that Melaleuca has failed to join indispensable parties.

### Fourth Affirmative Defense

24. Melaleuca's Causes of Action are barred in whole or in part by the Doctrines of Unclean Hands, Laches, Waiver and Estoppel.

### Fifth Affirmative Defense

25. At all relevant times Melaleuca was a knowledgeable purchaser which was aware of the risks of the products at issue which were formulated by Melaleuca and expressly or impliedly assumed the risk of any claims.

### Sixth Affirmative Defense

26. Melaleuca's claims against Phoenix are barred, in whole or in part, because Plaintiff's alleged damages were not proximately caused by any act or omission of Phoenix.

### Seventh Affirmative Defense

27. Melaleuca's claims are barred, in whole or in part, because products produced by Phoenix were at all material times based on the state of scientific, medical and technological knowledge at the time and where marketed and reasonably safe for normal and foreseeable use at all relevant times.

### Eighth Affirmative Defense

28. Melaleuca's recovery, if any, from Phoenix should be reduced by the comparative negligence, fault, responsibility, or causation attributable to Plaintiff and to each Defendant in accordance with Utah Code Ann. § 78-27-37 through -40.

### Ninth Affirmative Defense

29. Phoenix denies that it was negligent or at fault in connection with the design, manufacture or sale of Phoenix products, but as to any and all claimed acts of negligence or fault, Phoenix alleges that to the extent Plaintiff's, Third-Party Plaintiff's and/or other non party's contributory and/or comparative negligence fault or failure to exercise reasonable care caused Plaintiff's claimed illness and injury, then Plaintiff and Third-Party Plaintiff's claimed damages

should be reduced in proportion to the amount of negligence or fault attributable to Plaintiff, to Third-Party Plaintiff and to other responsible defendants and non parties.

### Tenth Affirmative Defense

30. Melaleuca's liability, if any, to Plaintiffs was caused or proximately caused by persons or third parties other than Phoenix for whom Phoenix is not legally responsible.

### Eleventh Affirmative Defense

31. Plaintiff's and Melaleuca's damages, if any, resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by Phoenix.

### Twelfth Affirmative Defense

32. Plaintiffs' alleged illnesses, injuries and damages were caused, in whole or in part, by a nonparty for whose actions or omissions Phoenix had no control.

### Thirteenth Affirmative Defense

33. Plaintiff's and Melaleuca's claims are barred, in whole or in part, by Plaintiff's and Melaleuca's failure to mitigate any damages allegedly sustained.

### Fourteenth Affirmative Defense

34. Melaleuca's claims are barred to the extent the Plaintiff's injuries alleged in the Complaint resulted from a pre-existing and/or unrelated medical condition and not from any act or omission on behalf of Phoenix or alleged defects in Phoenix products.

### Fifteenth Affirmative Defense

35. Plaintiffs' and Melaleuca's alleged damages were not caused by any failure to warn on the part of Phoenix.

### Sixteenth Affirmative Defense

36.     Phoenix, while denying that any product it produced caused or contributed to any injury incurred by Plaintiff, alleges that its products contained adequate warnings to inform Plaintiff and Melaleuca of any alleged health risks and were not defective or unreasonably dangerous and pursuant to Utah Code Ann. § 78-15-6 any claims by Plaintiff and Melaleuca are barred.

### Seventeenth Affirmative Defense

37.     Phoenix is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Third-Party Plaintiff, from others relative to this litigation.

### Eighteenth Affirmative Defense

38.     Plaintiff and Melaleuca voluntarily and knowingly assumed any risk relative to the Phoenix product.

### Nineteenth Affirmative Defense

39.     Melaleuca's claims against Phoenix are barred because Melaleuca would be unjustly enriched, and Phoenix would be unfairly injured, if Melaleuca recovered on any cause of action alleged in the Third-Party Complaint.

### Twentieth Affirmative Defense

40.     Melaleuca's claims against Phoenix for contribution and/or indemnity for its liability to Plaintiffs, if any, for punitive damages are barred and precluded pursuant to Utah Code Ann. § 78-18-1 and -2.

### Twenty-First Affirmative Defense

41. No act or omission of Phoenix was malicious, willful, wanton, reckless or grossly negligent and Melaleuca is therefore barred from seeking any recovery against Phoenix for its liability, if any, to Plaintiff for punitive damages.

### Twenty-Second Affirmative Defense

42. Venue is improper before this Court.

### Twenty-Third Affirmative Defense

43. Phoenix reserves the right to add and raise any additional affirmative defenses which may arise during the course of discovery.

**WHEREFORE**, Third-Party Defendant Phoenix prays that the Third-Party Complaint of Melaleuca be dismissed with prejudice for no cause of action, that Third-Party Plaintiff recover nothing thereby, that Third-Party Defendant be awarded its costs incurred in defense together with such other relief as is reasonable and just.

Dated this ____ day of July 2003.

SCALLEY & READING, P.C.

By: _____
Ford G. Scalley, Esq.
Attorney for Third-Party Defendant
Phoenix Laboratories, Inc.

## CERTIFICATE OF MAILING

I hereby certify that on the 15th day of July, 2003, I deposited in the United States Mail, postage prepaid, a true and correct copy of the foregoing **Answer to Third-Party Complaint of Third-Party Defendant Phoenix Laboratories, Inc**. to the following counsel of record:

>Geoffrey C. Haslam, Esq.
>Scott T. Evans, Esq.
>Phillip S. Ferguson, Esq.
>CHRISTENSEN & JENSEN, P.C.
>50 South Main Street, Suite 1500
>Salt Lake City, Utah 84144
>
>Robert B. Sykes, Esq.
>Darren A. Davis, Esq.
>ROBERT B. SYKES & ASSOCIATES, P.C.
>311 South State Street, #240
>Salt Lake City, Utah 84111
>
>Stephen R. Stern, Esq.
>HOFFINGER, STERN & ROSS, LLP
>150 East 58th Street
>New York, New York 10155
>
>Heinz J. Mahler, Esq.
>KIPP & CHRISTIAN, P.C.
>10 Exchange Place, Fourth Floor
>Salt Lake City, Utah 84111

/s/ Sondra C. Boggess